1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10                                          )
11                                          )        Case No.  5:20-cv-07655-EJD
                                            )
12                                          )     **JOINT CASE MANAGEMENT**
                                            )     **STATEMENT & [PROPOSED] ORDER**
    H&H INSURANCE SERVICES, INC.,           )
13                                          )
               Plaintiff,                   )
14                                          )
                                            )
15          vs.                             )
                                            )
16                                          )
                                            )
17  ENDURANCE AMERICAN SPECIALTY            )
    INSURANCE COMPANY,                      )
18                                          )
               Defendant.                   )
19  _____)

20          The parties to the above-entitled action jointly submit this JOINT CASE

21  MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All*

22  *Judges of the Northern District of California* and Civil Local Rule 16-9.

23          1.      Jurisdiction & Service

24          Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332. Plaintiff H&H Insurance

25  Services, Inc. ("H&H") is a corporation organized and existing under the laws of the State of

26  California, with its principal place of business in Santa Clara County, California. Defendant

27  Endurance American Specialty Insurance Company ("Endurance") is a corporation organized

28

and existing under the laws of the State of Delaware, with its principal place of business in New York City, New York. The present controversy involves actual and additional damages in excess of $75,000, exclusive of interest and costs.

Venue is proper in this District in that the claims and omissions giving rise to Plaintiff's claims occurred in the Northern District of California.

There are no other parties to be served.

2.   Facts

Effective September 26, 2018, Endurance issued to H&H Premier Insurance Services Liability insurance policy number APL10013787100 ("the Policy"). The policy covers "wrongful acts" committed by an insured while providing "professional services" in the course of the insured's "business operations."

On or about July 23, 2019, Acrisure of California, LLC ("Acrisure") filed a Complaint against H&H, and others, in the Superior Court of the State of California for the County of Santa Clara ("the Underlying Action").

In or about September 2019, H&H timely and duly tendered the defense of the Underlying Action in writing to Endurance, and requested that Endurance provide a defense and indemnity pursuant to the terms of the Policy.  The tender was renewed and further information was provided to Endurance in writing on or about September 26, 2019; October 3, 2019; April 15, 2020; and July 20, 2020.

By letter dated October 2, 2019, Endurance denied H&H's tender of the defense of the Underlying Action, claiming no duty to defend or indemnify H&H in the Underlying Action. Endurance reiterated its refusal to defend and indemnify H&H by letters dated October 10, 2019, and June 26, 2020.

3.   Legal Issues

A liability insurer owes a duty to defend its insured when the claim creates any potential for indemnity.  *Horace Mann Ins. Co. v. Barbara B.* (1993) 4 Cal.4th 1076, 1081.  If the facts

alleged by the third party or known to the insurer create any potential for indemnity under the policy, the insurer must provide a defense even though noncovered acts are also alleged by the third party action. *Id.* at 1084. The determination of whether the duty to defend arises is made by comparing the terms of the policy with the allegations of the complaint and any known extrinsic facts, and any doubt as to whether the facts create a duty to defend is resolved in favor of the insured. (*Id*.). The parties dispute whether the allegations of the Underlying Action and the known extrinsic facts give rise to coverage under the Policy.

An insurer's unreasonable refusal to provide coverage is a violation of the duty of good faith and fair dealing, and gives rise to tort damages. *Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 806. The parties dispute whether Endurance's decision was unreasonable.

Endurance contends that, pursuant to the terms and conditions of the insurance policy and applicable law, there is no coverage even potentially available for the underlying litigation, and thus no duty to defend or to indemnity.

4.   Motions

The parties anticipate that the breach of contract and declaratory relief claims may be addressed by way of cross motions for summary judgment.

5.   Amendment of Pleadings

The parties do not anticipate any amendment of the pleadings.

6.   Evidence Preservation

The parties have reviewed the ESI Guidelines and have addressed reasonable steps to preserve relevant evidence. The parties do not anticipate any issues in this regard.

7.   Disclosures

The parties will exchange Initial Disclosures no later than February 25, 2021

8.   Discovery

The parties propose that discovery be stayed until after the Court's ruling on the parties' cross motions for summary judgment as to breach of contract and declaratory relief. Any

discovery necessary thereafter will proceed in accordance with the Federal Rules of Civil Procedure.  No limitations or modifications are anticipated.  The parties have not yet identified any discovery disputes.

9.    Class Actions

The parties believe these provisions are not applicable in this case.

10.    Related Cases

The Underlying Action is pending in the Superior Court of the State of California for the County of Santa Clara.  The case was assigned Case No. 19CV352184, and is entitled *Acrisure of California, LLC, a Michigan limited liability company, Plaintiff, vs. H&H Insurance Services, Inc. dba H&H Professional Insurance Associates, a California Corporation; Jessica Huang, an individual; and Does 1 through 20, inclusive, Defendants.*

11.    Relief

Plaintiff seeks reimbursement of its attorney's fees and costs incurred in the Underlying Action.  The amount to date is $158,000 and is increasing.

Plaintiff also seeks reimbursement of the fees and costs incurred in this litigation to obtain coverage under *Brandt v. Superior Court*, 38 Cal.3d 813 (1985). The amount to date exceeds $5,000 and is increasing.

12.    Settlement and ADR

The parties stipulate to mediation under the court's ADR program.

13.    Consent to Magistrate Judge For All Purposes

The parties have not consented to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other References

At this time, the parties do not believe this case is suitable for reference to binding arbitration or a special master or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>

The parties propose that the Court resolve the breach of contract and declaratory relief claims by cross motion for summary judgment, and that discovery be stayed until after the Court rules on the parties' cross motions.

16. <u>Expedited Trial Procedure</u>

The parties believe these provisions are not applicable in this case.

17. <u>Scheduling</u>

Initial ADR (Mediation): completed by July 2021

Cross motions for summary judgment filed by no later than the end of June 2021

Discovery cutoff: end of December 2021

Expert Disclosure: end of January 2022

Expert discovery cutoff: end of March 2022

Pretrial Conference: November 2022

Trial: December 2022

18. <u>Trial</u>

Plaintiff has requested a jury trial.  The parties expect the trial to take five to seven court days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

The parties have filed the Certifications of Interested Entities or Persons.

20. <u>Professional Conduct</u>

Counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. <u>Other</u>

The parties agree that there are no other matters to be discussed that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: February 1, 2021          **BROTHERS SMITH LLP**


By:*/s/ Horace W. Green*
    Horace W. Green
    Counsel for Plaintiff

Dated: February 1, 2021          **LOCKE LORD LLP**


By:*/s/ Michael F. Perlis*
    Michael F. Perlis
    Counsel for Defendant


<u>CASE MANAGEMENT ORDER</u>

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. In addition, the Court makes the further orders stated below:


IT IS SO ORDERED.

 Dated:

                  UNITED STATES DISTRICT JUDGE