Michael F. Perlis (SBN: 095992)
mperlis@lockelord.com
Richard Johnson (SBN: 198117)
rrjohnson@lockelord.com
LOCKE LORD LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071
(213) 485-1500

Attorneys for Defendant
Endurance American Specialty Insurance Company

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| H&H Insurance Services, Inc.<br><br>Plaintiff,<br><br>vs.<br><br>Endurance American Specialty Insurance Company<br><br>Defendant. | Case No. 5:20-CV-07655-EJD<br><br>Hon. Edward J. Davila<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; NOTICE OF CROSS-MOTION AND CROSS MOTION FOR SUMMARY JUDGMENT OF ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY**<br><br>Date: August 5, 2021<br>Time: 9:00 A.M.<br>Courtroom: 4 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on August 5, 2021, at 9:00 A.M., in Courtroom 4, on the 5th Floor of the San Jose Courthouse of this Court, located at 280 South 1st Street, San Jose, California 95113, Defendant Endurance American Specialty Insurance Company ("Endurance"), will, and hereby does, make a motion, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment against Plaintiff, H&H Insurance Services, Inc. ("H&H," or "Plaintiff" or the "Insured").

In its Motion, Endurance asks this Court: (1) to find that there is no genuine

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

dispute of material fact; and, (2) to rule as a matter of law that no coverage is available under the insurance policy issued by Endurance to H&H (*i.e.*, Premiere Insurance Services Liability Insurance Policy Number APL10013787100 (the "Policy") for the underlying litigation captioned, *Acrisure of California, LLC v. H&H Insurance Services, Inc., et al.*, Santa Clara Super. Ct. Case No. 19CV352184 (the "Acrisure Action" or the "Underlying Litigation"), and that Plaintiff therefore has no claim against Endurance for breach of contract or "bad faith."[1]

Endurance's Motion is based upon this Notice of Motion and Motion, the Memorandum of Point and Authorities below, the legal authorities cited therein, the concurrently-filed Separate Statement of Undisputed Material Facts and Response to Plaintiff's Separate Statement of Undisputed Material Facts, the copies of the Policy and the Acrisure Action Complaint attached to the Hoffner Declaration in support of Plaintiff's Motion, the Reply brief and any other papers submitted, the oral arguments of counsel, if any, and any other matters that the Court may properly consider.[2]

---

[1] In the alternative, if the Court finds any coverage to be available, Endurance moves for summary adjudication in its favor on the "bad faith" claims because there was at the very least a genuine and reasonable dispute as to the availability of coverage for the *Acrisure* Action.

[2] Endurance does not submit its own Declaration because it does not dispute the authenticity or accuracy of the copies of the Policy and the Complaint attached as Exhibits 2 and 3 to the Hoffner Declaration in support of Plaintiff's Motion, which Policy and Complaint are the only evidence on which Endurance's Motion is based. Plaintiff bears the burden of proof on its claims for breach-of-contract and "bad faith," and has not carried and cannot carry that burden as shown in Endurance's Opposition and Cross-Motion for Summary Judgment. While Plaintiff seeks only partial summary judgment as to the duty to defend, Endurance in its cross-motion seeks summary judgment as to all of Plaintiffs' claims in their entirety, as all such claims fail for want of a contractual underpinning if (as demonstrated in Endurance's opposition and cross-motion) there is no potential for coverage and thus no duty to defend.

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

# TABLE OF CONTENTS

Page

I. INTRODUCTION ....................1
II. UNDISPUTED MATERIAL FACTS ....................3
III. ARGUMENT ....................5
A. The Standards on a Motion for Summary Judgment ....................5
B. Endurance Does Not Have Any Duty to Defend the *Acrisure* Action ....................6
C. There Is No Coverage Available Under the Insuring Agreement ....................7
D. Certain Exclusions Would Also Preclude Coverage ....................12
E. California Law Would Also Preclude Coverage ....................16
1. California Insurance Code Section 533 Precludes Coverage ....................17
2. California Law Precludes Coverage for Contractual Debt ....................18
3. California Law Precludes Coverage for Restitution/Disgorgement ....................18
F. Given the Lack of Coverage, Plaintiffs Have No Breach-of-Contract Claim ....................19
F. Given the Absence of Coverage, Plaintiffs Have No Bad Faith Claim ....................19
IV. CONCLUSION ....................21

# TABLE OF AUTHORITIES


Page(s)

**Cases**

*Acoustics, Inc. v. Trepte Construction Co*, 14 Cal. App. 3d 887 (1971) .......... 19

*Alterra Excess & Surplus Ins. Co. v. Snyder*, 234 Cal.App.4th 1390 (2015) .......... 6

*American Casualty v. Union Welfare Fund*, 113 Nev. 764, 942 P. 2d 172, 175-176 (1997) .......... 18

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .......... 6

*August Entertainment Inc. v. Philadelphia Indemnity Ins. Co.*, 146 Cal. App. 4th 565574 (2007) .......... 18

*Aydin Corp. v. First State Ins. Co.* 18 Cal.4th 1183 (1998) .......... 12

*Bank of California, N.A. v. Opie*, 663 F. 2d 977 (9th Cir. 1981) .......... 10

*Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 10 Cal. Rptr. 2d 538, 833 P. 2d 545 (1992) .......... 18

*Baylor Heating & Air v. Federated Mut.*, 987 F. 2d 415, 419-420 (7th Cir. 1993) .......... 18

*Bennett v. U.S. Liability Ins. Group* (D. Or., Apr. 25, 2014, No. 3:13-CV-01565-SI) 2014 WL 1660654 .......... 12

*Blumberg v. Guarantee Ins. Co.* 192 Cal.App.3d 1286 (1987) .......... 11

*Brehm v. 21st Century Ins. Co.*, 166 Cal. App. 4th 1225, 1235 (2008) .......... 20

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986) .......... 5


Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

*Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*,
90 Cal. App. 4th 335 (2001) .......... 20

*City Products Corp. v. Globe Indem. Co.*,
151 Cal. Rptr. 494 (Cal. Ct. App. 1979) .......... 18

*Coit Drapery Cleaners, Inc. v. Sequoia Ins. Co.*,
14 Cal. App. 4th 1595 (1993) .......... 17

*Consolidated World Investments, Inc. v. Lido Preferred Ltd.*,
9 Cal. App. 4th 373 (1992) .......... 19

*Continental Cas. Co. v. City of Richmond*,
763 F.2d 1076 (9th Cir. 1985) .......... 14

*Dalyrymple v. United Servs. Auto. Ass'n*,
40 Cal. App. 4th 497 (1995) .......... 20

*Dominguez v. Financial Indemnity Co.*
183 Cal.App.4th 388 (2010) .......... 12

*Downey Venture v. LMI Ins. Co.*,
66 Cal. App. 4th 478 (1998) .......... 17

*Farmers Ins. Exch. v. Knopp*
50 Cal. App. 4th 1415 (1996) .......... 12

*Foster Gardner, Inc. v. Nat'l Union Fire Ins. Co.*,
18 Cal. 4th 857 (1998) .......... 6

*Fraley v. Allstate Ins. Co.*,
81 Cal. App. 4th 1282 (2001) .......... 20

*Gray v. Zurich Ins. Co.*,
65 Cal.2d 263 (1966) .......... 6

*Guebara v. Allstate Ins. Co.*,
237 F. 3d 987, 993 (9th Cir. 2001) .......... 20

*Gunderson v. Fire Ins. Exch.*
37 Cal.App.4th 1106 (1995) .......... 12

*Hollingsworth v. Commercial Union Ins. Co.*,
208 Cal.App.3d 800 (1989) .......... 10

**Locke Lord LLP**
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

**Locke Lord LLP**
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

*Horizon W., Inc. v. St. Paul Fire & Marine Ins. Co.*,
214 F. Supp. 2d 1074 (E. D. Cal. 2002) ........ 10

*James River Insurance Company v. Medolac Laboratories*,
290 F. Supp. 3d 956 (C. D. Cal. 2018) ........ 15

*La Jolla Beach & Tennis Club, Inc. v. Industrial Indem. Co.*,
9 Cal.4th 27 (1994) ........ 6

*Lira v. Chicago Ins. Co.*
967 F.2d 587 (9th Cir. 1992) ........ 11

*Los Angeles Lakers v. Fed. Ins. Co.*,
869 F. 3d 795 (9th Cir. 2017) ........ 14

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
475 U.S. 574, 106 S.Ct. 1348 (1986) ........ 6

*Med. Records Assocs., Inc. v. Am. Empire Surplus Lines Ins. Co.*,
142 F. 3d 512 (1st Cir. 1998) ........ 10

*Medill v. Westport Ins. Corp.*,
143 Cal. App. 4th 819 (2006) ........ 15

*National Auto. & Cas. Ins. Co. v. Stewart*,
223 Cal.App.3d 452 (1990) ........ 6

*Nestle USA, Inc. v. Travelers Cas. & Sur. Co. of Am.*,
10 Fed. Appx. 438 (9th Cir. 2001) ........ 14

*Pac. Ins. Co. v. Burnet Title, Inc.*,
380 F. 3d 1061 (8th Cir. 2004) ........ 10

*Pacific Ins. Co., Ltd. v. Eaton Vance Management*,
369 F. 3d 584, 590 (1st Cir. 2004) ........ 18

*Pan Pacific Retail Properties, Inc. v. Gulf Ins. Co.*,
471 F. 3d 961 (9th Cir. 2006) ........ 18

*Peterson v. Superior Court*,
642 P.2d 1305 (Cal. 1982) ........ 18

*PPG Industries, Inc. v. Transamerica Ins. Co.*,
975 P.2d 652 (Cal. 1999) ........ 18

**Locke Lord LLP**
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

*Southgate Recreation & Park Dist. v. Cal. Ass'n for Park & Recreation Ins.*,
106 Cal. App. 4th 293 (2003) .......... 14

*Stanford Roach, Inc. v. Md. Cas. Co.*,
89 F.3d 618 (9th Cir. 1996) .......... 6

*State Farm Fire & Casualty Company v. Wier*
(Cal. Ct. App., Oct. 26, 2012, No. A125563) 2012 WL 5279790 .......... 11

*State Farm Gen. Ins. Co. v. Mintarsih*,
175 Cal. App. 4th 274 (2009) .......... 17

*Stonewall Surplus Lines Ins. Co. v. Johnson Controls, Inc.*,
17 Cal. Rptr. 2d 713 (Cal. Ct. App. 1993) .......... 18

*Transamerica Ins. Co. v. Sayble*,
193 Cal.App.3d 1562 (1987) .......... 11

*Trenches, Inc. v. Hanover Ins. Co.*,
No. CV 12–627–AG, 2012 WL 12507967 (C.D. Cal. Aug. 10, 2012) .......... 15

*Uhrich v. State Farm Fire & Cas.*,
109 Cal. App. 4th 598 (2003) .......... 17

*Underwriters at Lloyd's of London v. Cordova Airlines, Inc.*,
283 F. 2d 659 (9th Cir. 1960) .......... 14

*Unified W. Grocers v. Twin City Fire Ins. Co.*,
457 F. 3d 1106 (9th Cir. 2006) .......... 18

*Van Ness & Sperry, Inc. v. National Union Fire Ins. Co. of Pittsburgh*
979 F.2d 857 (9th Cir. 1992) .......... 12

*Waller v. Truck Ins. Exch., Inc.*,
11 Cal. 4th 1, 35-37 (1995) .......... 20

*Wausau Underwriters Ins. Co. v. Unigard Security Ins. Co.*,
68 Cal.App.4th 1030 (1998) .......... 6

**Statutes**

California Business and Professions Code section 17200 .......... 8, 16

California Insurance Code section 533 .......... 4, 7, 16, 17, 18

Defend Trade Secrets Act ........................................................................8, 16

Insureds for a Wrongful Act ........................................................................11

Wrongful Act ........................................................................8, 11, 17, 18

**Other Authorities**

Federal Rules of Civil Procedure Rule 56 ........................................................................3

Federal Rules of Civil Procedure Rule 56(a)........................................................................5

Federal Rules of Civil Procedure Rule 56(c), (e) ........................................................................6

Federal Rules of Civil Procedure Rule 56(c)(1)(B)........................................................................5

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This lawsuit involves a dispute regarding whether any coverage is available, under the Policy issued by Endurance to H&H, for the underlying *Acrisure* Action. According to the *Acrisure* Action Complaint, Jessica Huang (now the principal of H&H) was employed as an Account Executive and Chief Operating Officer with Robert B. Suhr and Company Insurance Brokers, Inc. dba Suhr Risk Services of California Insurance Brokers ("Suhr"). The Claimant, Acrisure of California, LLC ("Acrisure"), acquired Suhr in February 2016 and claims to own certain confidential information and trade secrets. Allegedly, Ms. Huang had access to Acrisure's confidential information as an employee of the Claimant and agreed to protect this information as a condition of her employment. Subsequently in 2016, Ms. Huang left her employment with the Claimant and formed her own insurance brokerage, PIA with Eric Hoffner. On or about July 8, 2016, Huang and PIA entered into a mutual co-brokerage and contractor agreement with Acrisure. In that contract, Huang and PIA promised Claimant that upon receiving $150,000 in consideration from the Claimant, Huang and PIA would service some of the Claimant's accounts and share the profits. Additionally, Huang and PIA promised not to interfere with the Claimant's customer relationships, not to solicit any of the Claimant's employees, and not to use any of the Claimant's confidential or proprietary information except as needed to fulfill their obligations under the co-brokerage agreement. The Claimant contends that Huang and PIA did not keep their promises and diverted the Claimant's customers business and employees to Huang and PIA for their financial gain.

The Acrisure Action, a claim by a competitor of the Insured alleging a deliberate scheme involving fraud, misappropriation, interference, and breach of contract, is not the sort of Claim for which coverage is available under the Policy, which only covers Claims for acts, errors, or omissions actually or allegedly committed solely in the provision of (or failure to provide) Professional Services. The case law on point

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

consistently holds that such business disputes do not constitute Claims for Wrongful Acts in the provision of Professional Services, but rather are garden-variety business-to-business disputes that Insureds engage in with competitors irrespective of whether they provide Professional Services. As such they are not covered by Professional Liability policies. In fact, as demonstrated below, the absence of coverage in this case is inescapable for multiple reasons, including (among others) the following: (1) the Claim does not trigger the Insuring Agreement because it does not allege Wrongful Acts in the provision of Professional Services; (2) the Claim is excluded by multiple express unambiguous Policy Exclusions (including one for Claims involving services performed for entities of which an Insured was an employee, and one for Claims arising out of the misappropriation of trade secrets); and, (3) the allegations of willful misconduct, and the prayer for punitive damages, restitution/disgorgement, and payments owed pursuant to contract, are uninsurable under California law. Thus, there is no potential for coverage, no duty to defend, and no viable claim against Endurance for breach of contract or "bad faith."

Endurance and H&H (which has filed its own Motion for Summary Judgment, which Endurance opposes in this brief) agree that: (1) there is no genuine dispute of material fact; (2) the potential availability (if any) of coverage under the Policy for the underlying *Acrisure* Action can be determined by this Court, purely as a matter of law, based upon the unambiguous express terms of the Policy and the allegations contained in the *Acrisure* Action pleadings; and, (3) absent any potential for coverage under the Policy, Endurance has no duty to defend H&H in the Acrisure Action, and H&H has no claim against Endurance in this action. The only disagreement between the parties is whether the Policy provides any coverage for the allegations made in the *Acrisure* Action. As demonstrated below, it does not.

For all of these reasons outlined above and demonstrated below, the *Acrisure* Action is simply uncovered by the Policy and uninsurable as a matter of California law. Accordingly, Endurance has no duty to defend *Acrisure* Action, given the absence of

any potential for indemnity coverage. In addition, since no covered benefits are due under the Policy, H&H has no claim against Endurance for breach of contract, let alone for "bad faith" Therefore, H&H's Motion for Partial Summary Judgment should be denied, Endurance's Cross-Motion for Summary Judgment granted, and Judgment entered against H&H and in favor of Endurance, dismissing this matter, in its entirety, with prejudice.

## II. UNDISPUTED MATERIAL FACTS

There are no material disputes of fact in connection with this motion for summary judgment. As set forth in Endurance's Separate Statement of Undisputed Material Facts ("SSUF"), filed pursuant to Rule 56 of the Federal Rules of Civil Procedure and Section V of the Standing Order of this Court, the following facts are undisputed and supported with competent evidence:

Endurance issued to H&H the Policy, which speaks for itself (and has whatever legal effect it has under California law), a true and correct copy of which is attached as Exhibit 2 to the Declaration of Eric Hoffner in support of Plaintiff's Motion for Partial Summary Judgment ("Hoffner Declaration") (SSUF Fact 1); and, (2) Plaintiff H&H, and its principal, Jessica Huang, are named defendants in the *Acrisure* Action Complaint, which speaks for itself (and has whatever legal effect it has under California law), a true and correct copy of which is attached as Exhibit 3 to the Hoffner Declaration (SSUF Fact 2).[3]

The Complaint does not allege Wrongful Acts solely in the provision of (or

[3] Since the authenticity and the contents of the two relevant documents, the Policy and the Complaint, are undisputed, and since those two documents speak for themselves (and have whatever legal effect they have under California law), there is no genuine dispute of material fact in this case. Therefore, this Court may properly decide the issue of the potential availability (if any) of coverage for the Acrisure Action under the Policy purely as a matter of law, based solely upon the terms of the Policy and the allegations of the Complaint.

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

failure to provide) Professional Services, but instead alleged a willful and fraudulent scheme by Jessica Huang to misappropriate trade secrets from the Claimant. (SSUF Fact No. 3.) The Complaint and all causes of action stated therein arise out of Ms. Huang's alleged misappropriation of trade secrets. (SSUF Fact No. 4.) The Complaint alleges that Ms. Huang is one of the two principals of H&H. (SSUF Fact No. 5.) The Complaint alleges that Ms. Huang was an employee or officer of the Claimant, Acrisure, at the time she commenced her alleged scheme of trade secret misappropriation. (SSUF Fact No. 6.)

The Policy's Insuring Agreement is only triggered by Claims alleging Wrongful Acts solely in the provision of Professional Services. (SSUF Fact No. 7.) Exclusion K of the Policy excludes from coverage Claims arising from alleged misappropriation of trade secrets. (SSUF Fact No. 8.) Exclusion C of the Policy excludes from coverage Claims arising out of the provision of Professional Services for another entity of which the Insured is an employee or officer at the time of a Wrongful Act giving rise to the Claim. (SSUF Fact No. 9.)

The Complaint does not trigger the Policy's Insuring Clause. (SSUF Fact No. 10; see also, Facts 3 and 7. If the Complaint did trigger the Insuring Agreement, it would nevertheless be excluded pursuant to Exclusion K. (SSUF Fact No. 11; see also, Facts 4 and 8.) If the Complaint did trigger the Insuring Agreement, it would nevertheless be excluded pursuant to Exclusion C. (SSUF Fact No. 12; see also, Facts 6 and 9.) The Complaint is legally uninsurable pursuant to California Insurance Code section 533 because it alleges only a scheme of inherently harmful willful misconduct (or less than willful conduct inextricably intertwined with that scheme). (SSUF Fact No. 13; see also, Fact 3.) The Complaint seeks legally uninsurable remedies, including restitution, disgorgement, payment of monies owed pursuant to contract, and punitive damages. (SSUF Fact No. 14.)

The Policy does not potentially provide any indemnity coverage for the Acrisure Action. (SSUF Fact No. 15; see also, Facts 10, 11, 12, 13, and 14.) Endurance did not

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

have any duty to defend H&H in the Acrisure Action because the Acrisure Action was not even potentially covered under the Policy. (SSUF Fact No. 16; see also, Facts 10, 11, 12, 13, and 14.) Endurance therefore properly disclaimed coverage under the Policy for the Acrisure Action. (SSUF Fact No. 17; see also, Facts 15 and 16.)

Since Endurance did not owe any duty to indemnify or defend under the Policy because there is no coverage for the Acrisure Action under the Policy, Plaintiff has no claim against Endurance for breach of contract. (SSUF Fact No. 18; see also Facts 15, 16, and 17.) Since Endurance did not breach the Policy, Plaintiff has no claim against Endurance for "bad faith." (SSUF Fact No. 19, see also, Fact 18.)[4]

## III. ARGUMENT

### A. The Standards on a Motion for Summary Judgment:

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "Where [as in this case] the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories and admissions on file.' Such a motion, whether or not accompanied by affidavits, will be 'made and supported as provided in this rule.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553 (1986). The moving party may carry its initial burden on summary judgment by "showing" the opposing party lacks sufficient evidence to carry its ultimate burden of persuasion at trial; *i.e.*, it does not have evidence from which a jury could find an essential element of the opposing party's claim or defense. FRCP 56(c)(1)(B); *Celotex Corp. v. Catrett*, 477 U.S., at 325, 106 S.Ct., at 2554.

---

[4] In the alternative, assuming arguendo that there were some potential for coverage, Plaintiff still has no claim against Endurance for "bad faith" because Endurance's coverage disclaimer was at the very least reasonable, and based upon a genuine legal dispute regarding the coverage. (SSUF Fact No. 20; see also, Facts 10, 11, 12, 13, and 14.)

If the moving party meets this initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also*, Fed. R. Civ. Proc. 56(c), (e). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts … Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587, 106 S.Ct. 1348, 1356 (1986). "The mere existence of a scintilla of evidence … will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512 (1986).

If a determination of whether coverage applies turns on the interpretation of an insurance policy and not facts in dispute, the question for the court is purely one of law. *Cf. Stanford Roach, Inc. v. Md. Cas. C*o., 89 F.3d 618, 624 (9th Cir. 1996). Where the language of the policy is clear and explicit, it will govern. *Foster Gardner, Inc. v. Nat'l Union Fire Ins. Co*., 18 Cal. 4th 857, 868 (1998).

**B. Endurance Does Not Have Any Duty to Defend the *Acrisure* Action.**

The parties agree, and both the terms of the Policy and California case law on point makes clear, that Endurance does not have any duty to defend the *Acrisure* Action absent some potential for indemnity coverage under the Policy. *See*, *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 276 (1966) ("The insurer need not defend if the third party complaint can by no conceivable theory raise a single issue which could bring it within the policy coverage"); *La Jolla Beach & Tennis Club, Inc. v. Industrial Indem. Co.*, 9 Cal.4th 27, 39 (1994) (same); *Alterra Excess & Surplus Ins. Co. v. Snyder*, 234 Cal.App.4th 1390, 1401-1402 (2015) (same); *National Auto. & Cas. Ins. Co. v. Stewart*, 223 Cal.App.3d 452, 463 (1990) (an insurer may refuse to defend where undisputed facts conclusively show liability would be excluded under the policy); *Wausau Underwriters Ins. Co. v. Unigard Security Ins. Co.*, 68 Cal.App.4th 1030, 1035 (same);

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

*see also*, Policy Insuring Agreement I. B. (Defense) ("As part of and subject to the Limits of Liability, the Insurer shall have the right and duty to defend <u>any Claim against the Insured to which this Policy applies</u>, even if any of the allegations of the Claim are groundless, false, or fraudulent) (underscoring added).

In this case, as demonstrated above, the Policy does not apply to (and no indemnity coverage is even potentially available thereunder for) the *Acrisure* Action because (among other reasons): (1) it does not trigger the Insuring Agreement because it does not allege acts, errors, or omissions solely in the performance of (or failure to perform) Professional Services; (2) it is excluded in its entirety pursuant to Exclusion C because it arises out of Ms. Huang's alleged service as an employee of Acrisure; (3) it is excluded in its entirety pursuant to Exclusion K because it arises out of Ms. Huang's alleged misappropriation of trade secrets; (4) the demand for return of the brokerage fee is excluded pursuant to Exclusion U; and (5) the Claim is precluded from coverage in its entirety by California Insurance Code section 533, and the California public policy against indemnification of restitution/disgorgement and contractual debts.

Taking all of the above-noted coverage issues into account, there is simply no portion whatsoever of the Acrisure Action that is even arguably potentially covered under the Policy. Therefore, Endurance has no duty to defend the *Acrisure* Action, and Plaintiff's Motion for Partial Summary Judgment should be denied.

## C. <u>There Is No Coverage Available Under the Insuring Agreement</u>.

The Policy's Insuring Agreement provides coverage (subject to the Policy's other terms and conditions and applicable law) for Claims for "Wrongful Acts," which are defined to mean actual or alleged act[s], error[s,] or omission[s] committed or attempted solely in the performance of or failure to perform Professional Services by an Insured.[5]

[5] Subsection II.X. of the Policy defines "Professional Services" to mean, in pertinent part: "services as an insurance agent, insurance broker, managing general agent, surplus lines broker, wholesale insurance broker, underwriting manager, managing general underwriter, program administrator,

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

Specifically, the Policy's relevant grant of coverage, Insuring Agreement I., provides as follows:

> A. The Insurer shall pay Damages and Claim Expenses on behalf of the Insured resulting from any Claim first made against the Insured and reported to the Insurer in writing during the Policy Period, or any applicable Extended Reporting Period for any Wrongful Act committed on or after the Retroactive Date and before the Policy terminates. …

Here, the Insuring Agreement has not been triggered because the Claim does not involve a Wrongful Act solely in the performance of or failure to perform Professional Services to others.[6] Rather, the Claim centers around a business dispute and involves allegations that stem from the misappropriation of trade secrets and breach of a brokerage agreement. The *Acrisure* Action is not a Claim for acts, errors, or omissions committed or attempted solely in the performance or failure to perform Professional Services—nothing of the sort.

Rather, it is a business dispute between Plaintiff and one of its competitors alleging causes of action for: (1) breach of contract; (2) fraud; (3) breach of fiduciary duty; (4) misappropriation of trade secrets; (5) injunctive relief under the Defend Trade Secrets Act; (6) intentional interference with contractual relations; (7) intentional interference with prospective economic advantage; and, (8) violation of the California Business and Professions Code section 17200.

---

insurance consultant or notary public, including claims adjusting, claims administration, risk management, loss control consulting and arranging premium financing[.]"

[6] Subsection II.FF. of the Policy defines "Wrongful Act" to mean, in pertinent part: "any actual or alleged act, error or omission committed or attempted solely in the performance of or failure to perform Professional Services by an Insured or by any other person for whose acts the Named Insured is legally liable, including but not limited to: 1. Personal and Advertising Injury; 2. Breach of Privacy; 3. Breach of Security; or 4. Infringement of Intellectual Property Rights."

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

None of these causes of action is premised on any act, error, or omission committed or attempted in the performance or failure to perform Professional Services in any respect, let alone "solely" in the performance or failure to perform such services. To the contrary, the gravamen of all of the causes of action asserted in the *Acrisure* Action is that Jessica Huang (one of the two principals of the Plaintiff, H&H, and a former employee of the underlying Claimant, Acrisure) intentionally: (1) misappropriated certain Acrisure's trade secrets (including customer lists, business plans, and other information) when she left Acrisure and founded PIA (d.b.a., H&H); (2) defrauded Acrisure by inducing it to enter into a contract (the "Co-Broker Agreement"), solely for the purpose of deceiving Acrisure into disclosing more of its trade secrets and paying a $150,000 brokerage fee (for services H&H did not provide and never intended to provide); and, (3) breached the Co-Broker Agreement by soliciting Acrisure's employees and misappropriating its trade secrets.

It is well-established under California case law that such business disputes (which are the types of disputes that businesses engage in with each other whether or not they perform professional services) do not involve the performance of (or failure to perform) professional services. Plaintiff argues that the *Acrisure* Action necessarily involves the performance or failure to perform Professional Services because H&H was in the insurance brokerage business, and its dispute with Acrisure involved the breach of an agreement covering brokerage services and the misappropriation of trade secrets relating to such brokerage services.

The case law teaches (and the unambiguous language of the Policy itself confirms), however, that normal business disputes do not involve the performance of professional services merely because the Insured is in the business of professional services. Professional Services, unlike regular business disputes, involve the Insured's use of specific professional skills, intellect, and judgment with respect to specialized services performed for a client for a fee (something simply not at issue here). Moreover, the Policy's use of the word "solely" confirms that it is not enough that Professional

Services might be tangentially involved, where the claim itself (like the *Acrisure* Action) is really about something other than professional services (like misappropriation of trade secrets and business disputes between competitors).

It is well-settled that business disputes do not involve the provision of or failure to provide professional services and are thus not covered under professional liability insurance. Acts that are normal everyday parts of running a business, like soliciting clients or employees in this case, do not qualify as "professional services." *See, e.g., Bank of California, N.A. v. Opie,* 663 F. 2d 977, 981 (9th Cir. 1981) ("Something more than an act flowing from mere employment or vocation is essential.... A 'professional' act or service is one arising out of a vocation, calling, occupation, or employment involving specialized knowledge, labor, or skill, and the labor or skill involved is predominantly mental or intellectual, rather than physical or manual.... In determining whether a particular act is of a professional nature or a 'professional service' we must look not to the title or character of the party performing the act, but to the act itself.') (*quoting Marx v. Hartford Accident & Indem. Co.,* 183 Neb. 12, 157 N.W.2d 870, 871-72 (1968)); see also, *Hollingsworth v. Commercial Union Ins. Co.*, 208 Cal.App.3d 800, 807 (1989) (same). To be considered a "professional service" for insurance purposes, a liability "must arise out of the special risks inherent in the practice of the profession." *Id.* This standard has been cited with approval by several courts across the country, including a California federal district court applying California law. *See, e.g., Pac. Ins. Co. v. Burnet Title, Inc.,* 380 F. 3d 1061, 1064-65 (8th Cir. 2004) (applying a similar standard); *Med. Records Assocs., Inc. v. Am. Empire Surplus Lines Ins. Co.,* 142 F. 3d 512, 514 (1st Cir. 1998) (applying the same standard); *Horizon W., Inc. v. St. Paul Fire & Marine Ins. Co.,* 214 F. Supp. 2d 1074, 1078 (E. D. Cal. 2002) (applying California law and adopting the *Opie* standard). As such, coverage is precluded under the Policy.

It is not enough that, as Plaintiff asserts, the Insureds were engaging in activities related to their business. Coverage is limited to those risks inherent in the provision of services as an insurance agent and broker, not ordinary business disputes. *Bank of*

**Locke Lord LLP**
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

*California, N. A. v. Opie* (9th Cir. 1981) 663 F.2d 977 (holding that to be covered under "errors and omissions" policy, liability must arise out of special risks inherent in practice of profession); *Blumberg v. Guarantee Ins. Co.* (1987) 192 Cal.App.3d 1286 (holding that attorney professional liability policy in which insurer agreed to cover claims arising out of attorney's activities in rendering "professional services for others" in his "capacity as a lawyer" did not cover former partnership's action against attorney for alleged misrepresentations regarding status of cases at time partnership was dissolved, as attorney was acting in his capacity as law partner, and not as lawyer); *Lira v. Chicago Ins. Co.* (9th Cir. 1992) 967 F.2d 587 (affirming grant of summary judgment to insurer on same grounds because "Securing clients and competing in the marketplace, even unlawfully, are not special risks inherent in the practice of the" profession); see also *State Farm Fire & Casualty Company v. Wier* (Cal. Ct. App., Oct. 26, 2012, No. A125563) 2012 WL 5279790, at *1 (no coverage due to the absence of "professional services" rendered by insurance agents who, as here, were alleged to have breached a contract with their former employer and misused confidential and trade secret information to solicit customers); *Transamerica Ins. Co. v. Sayble*, 193 Cal.App.3d 1562, 1569 (1987) ("there must be malpractice if professional liability coverage is to apply.").

Plaintiffs' attempts to distinguish these cases are unavailing because the principle for which they stand, that business disputes are not Professional Services claims, applies squarely to preclude coverage in this case as demonstrated above. Plaintiff does not cite any case on point in its favor. The cases it does cite as providing coverage are distinguishable as (unlike in this case) they alleged some sort of professional malpractice and did not allege a business dispute with a competitor regarding misappropriation of trade secrets.

Plaintiff's Motion entirely overlooks the fact that the Policy covers claims against the Insureds for a Wrongful Act only if such Wrongful Act occurs *solely* in the Insureds rendering or failure to render Professional Services to others. The Policy language is

**Locke Lord LLP**
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

not ambiguous, and "solely" means solely. The term "solely" implies "exclusively" or "entirely." California courts apply fundamental contract interpretation principles when construing insurance policies. Indeed, insurance policies must be interpreted to give meaning to all words and phrases contained in the policy. *Dominguez v. Financial Indemnity Co.* (2010) 183 Cal.App.4th 388, 395. California courts will also reject any interpretation that will render policy language (here the very language of the Policy's Insuring Agreement) meaningless or "mere surplusage." *Farmers Ins. Exch. v. Knopp* (1996), 50 Cal. App. 4th 1415, 1421.

Even granting *arguendo* Plaintiff's contention that some of the Wrongful Acts were alleged to have occurred in the Insureds rendering or failure to render Professional Services to others (which they were not), Plaintiff still does not and cannot claim that <u>all</u> of the alleged injuries arose <u>solely</u> out of the Insureds' rendering or failure to render Professional Services, as defined under the Policy, to others. *See*, *e.g.*, *Van Ness & Sperry, Inc. v. National Union Fire Ins. Co. of Pittsburgh* (9th Cir. 1992) 979 F.2d 857 (no coverage where conduct was not "solely" for provision of defined professional services); *Bennett v. U.S. Liability Ins. Group* (D. Or., Apr. 25, 2014, No. 3:13-CV-01565-SI) 2014 WL 1660654, at *5 (billing actions were not "solely" in the provision of professional services, and therefore were not covered).

It is well established under California law that the insured bears the burden to establish that the claim is within the insuring agreement; if that burden is met, then the insurer bears the burden to establish that an exclusion applies. (*Aydin Corp. v. First State Ins. Co.* (1998) 18 Cal.4th 1183, 1188; *Gunderson v. Fire Ins. Exch.* (1995) 37 Cal.App.4th 1106.) In this case, the Insured cannot meet its burden to demonstrate that the allegations in the operative pleading fall within the terms of the Insuring Agreement. As the Insuring Agreement of the Policy has not been triggered, there is simply no coverage even potentially available to the Insureds for this Claim.

**D. <u>Certain Exclusions Would Also Preclude Coverage</u>.**

In addition, the Policy also contains certain express unambiguous exclusions that

would also preclude coverage for the *Acrisure* Action, if any coverage were otherwise potentially available under the Insuring Agreement for *Acrisure* Claim (which there is not for the reasons stated above). The following Exclusions in the Policy are relevant based on the allegations in the Complaint:

III. EXCLUSIONS

As amended by Endorsement 4, this Policy shall not apply:

C. to any Claim <u>based upon, arising from, or in consequence of</u> the performance of or failure to perform Professional Services for or by any entity other than the Named Insured if on or after the date or time of the Wrongful Act giving rise to such Claim:

. . . .

2. any Insured was a principal, partner, managing member, officer, director or employee of such entity.

. . . .

K. to any Claim <u>based upon or arising out of</u> any actual or alleged patent infringement or misappropriation of trade secrets. However, this exclusion shall not apply to any Claim brought against any Insured for any actual or alleged failure of an Insured to place, effect, maintain or renew any insurance or bond, in whole or in part, on any particular terms or with any particular limit or limits, or to comply with the terms of any insurance or bond or to service any account of a customer or client of the Named Insured in connection with any insurance or bond;

. . . .

O. to any Claim <u>for or arising out of or resulting from</u>:

. . . .

2. false, deceptive or unfair business practices, violation of consumer protection laws, or false or deceptive

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

> Advertisements, if a final and non-appealable judgment or adjudication adverse to the Insured establishes such conduct. However, this exclusion shall not apply to coverage otherwise provided by this Policy for Personal and Advertising Injury;
>
> . . . .
>
> U. [As amended by Endorsement 4] to any Claim for premiums, return premiums, commissions, brokerage fees or tax monies. However, this Exclusion shall not apply to the failure of the Insured to remit premiums that the Insured has collected.

(Underscoring added.)

Given the use in Exclusions C, K, and O of the introductory phrases, "based upon," "arising out of," "in consequence of," and "resulting from," coverage is precluded for the *Acrisure* Action, in its entirety, and not solely for certain causes of action. Courts applying California law hold that the phrase, "arising out of," even when used in exclusions, must be construed broadly so as to exclude anything flowing from the excluded matter. *See*, *e.g.*, *Los Angeles Lakers v. Fed. Ins. Co.*, 869 F. 3d 795, 801 (9th Cir. 2017) (policy containing exclusion for claims "arising from, or in consequence of invasion of privacy" interpreted broadly because "California courts and our court have consistently given a broad interpretation to the clause 'arising from' in an insurance contract"); *Nestle USA, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 10 Fed. Appx. 438, 440 (9th Cir. 2001); *Continental Cas. Co. v. City of Richmond*, 763 F.2d 1076, 1080 (9th Cir. 1985) (broadly interpreting "arising from" in insurance policy exclusion provision); *Underwriters at Lloyd's of London v. Cordova Airlines, Inc.*, 283 F. 2d 659, 664 (9th Cir. 1960) (broadly interpreting "arising from" in an insurance policy exclusion as "connot[ing] ... something broader than causation"); *Southgate Recreation & Park Dist. v. Cal. Ass'n for Park & Recreation Ins.*, 106 Cal. App. 4th 293, 301 (2003) ("As this court has noted, the ' "arising out of" connective ... broadly

links' the exclusionary operative events with the exclusion." (citations omitted)); *Trenches, Inc. v. Hanover Ins. Co.*, No. CV 12–627–AG, 2012 WL 12507967, at *7 (C.D. Cal. Aug. 10, 2012); *James River Insurance Company v. Medolac Laboratories*, 290 F. Supp. 3d 956, 967-970 (C. D. Cal. 2018); *Medill v. Westport Ins. Corp.*, 143 Cal. App. 4th 819, 836 (2006).

The Claimant, Acrisure, alleges that Ms. Huang was an officer and/or employee of Acrisure, and had access to Acrisure's confidential information as an employee. As such, the Acrisure Action is excluded from coverage pursuant to Exclusion C., which precludes coverage for any claim involving the provision of services to another entity if at the time of some wrongful act giving rise to such claim, the Insured was an officer or employee of that other entity. If, as Plaintiff argues, the Acrisure Action could be characterized as alleging Wrongful Acts in the provision of Professional Services by H&H for Acrisure merely on the ground that H&H and the Claimant Acrisure were both parties to the Co-Brokerage Agreement, then the Claim would still excluded pursuant to Exclusion C because Ms. Huang was an offer or employee of Acrisure (an Entity to which the Insured was by hypothesis purportedly providing services) at the time of the first misappropriations alleged in the Acrisure Action. Thus, and Endurance properly denied coverage for this additional reason as well.

Moreover, since the *Acrisure* Action is also based upon and arises out of alleged misappropriation of trade secrets, coverage is also precluded pursuant to Exclusion K. Since California Courts read the exclusion's "arising out of" language very broadly to exclude any matter flowing from the excluded items, and everything alleged in the *Acrisure* Action flows from Ms. Huang's alleged misappropriation of trade secrets, Exclusion K would preclude coverage for the matter in its entirety, were any coverage otherwise potentially available under the Insuring Agreement (which there is not). There is no cause of action in the *Acrisure* Action that does not arise out of Ms. Huang's alleged misappropriation of trade secrets, which allegedly commenced before she founded H&H and continued to the filing of the lawsuit. Such alleged misappropriation

**Locke Lord LLP**
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

is the central alleged gravamen, and the but-for cause for Claimant's assertion, of: (1) the breach-of-contract cause of action (as the alleged misappropriation was the principal form of breach alleged and all alleged breaches flowed from the same (2) fraud (as the alleged misappropriation was Ms. Huang's alleged purpose in fraudulently inducing Acrisure to enter the co-broker agreement); (3) breach of fiduciary duty (as the alleged breaches of duty all arose from the alleged misappropriation); (4) misappropriation of trade secrets (same); (5) injunctive relief under the Defend Trade Secrets Act (same); (6) intentional interference with contractual relations (as the interference all arose from the alleged misappropriation of customer lists, business plans, employees, and other confidential information); (7) intentional interference with prospective economic advantage (as the interference all arose from the alleged misappropriation of customer lists, business plans, employees, and other confidential information); and, (8) violation of the California Business and Professions Code section 17200 (as the alleged fraudulent scheme to misappropriate trade secrets was the unfair business practice in question).

In addition, Acrisure's claim for the return of the $150,000 brokerage fee would be excluded pursuant to Exclusion U., were any coverage otherwise available (which it is not).[7]

**E. <u>California Law Would Also Preclude Coverage</u>.**

Moreover, if any coverage were otherwise available under the Policy (which it is not), the *Acrisure* Action would also be uninsurable pursuant to California Insurance Code Section 533, which precludes coverage for willful misconduct and less than willful conduct that is inextricably intertwined in a scheme of willful misconduct. There is no way to read the pleadings in the Acrisure Action as alleging anything less than a

[7] Likewise, since the Claim is also based upon and arises out of alleged unfair business practices, coverage would also precluded pursuant to Exclusion O(2), in the event of any adjudication, and Endurance appropriately reserved its rights accordingly.

willful and concerted scheme by Ms. Huang and H&H to defraud Acrisure. Finally, the Acrisure Action seeks to recover restitution/disgorgement, which is uninsurable under longstanding California public policy.

**1. California Insurance Code Section 533 Precludes Coverage.**

California Insurance Code section 533, which provides, in pertinent part, that an "insurer is not liable for a loss caused by the wilful act of the insured[,]" is an unwaivable statutory exclusion implied by law in every insurance policy issued in California. *See, e.g., Downey Venture v. LMI Ins. Co.*, 66 Cal. App. 4th 478, 507 (1998).

The scheme of willful misconduct alleged in the *Acrisure* Action not only does not qualify as a Wrongful Act in the performance of Professional Services; it is also uninsurable as a matter of law pursuant to the above-cited Section 533, and therefore excluded from the Policy's definition of potentially covered "Damages."

Endurance has no obligation to indemnify or defend such claims. *See*, *e.g.*, *Downey Venture v. LMI Ins. Co.*, 66 Cal. App. 4th 478, 507 (1998) (inherently harmful willful acts, *e.g.*, malicious prosecution, are uninsurable); *State Farm Gen. Ins. Co. v. Mintarsih*, 175 Cal. App. 4th 274 (2009) (less than willful conduct that is inextricably intertwined with a scheme of willful misconduct is also uninsurable); *Uhrich v. State Farm Fire & Cas.*, 109 Cal. App. 4th 598, 614 (2003) (an insurer has no duty to defend matters excluded by section 533 unless it expressly promised to cover the specific type of misconduct alleged); *Coit Drapery Cleaners, Inc. v. Sequoia Ins. Co.*, 14 Cal. App. 4th 1595, 1603 (1993) (willful misconduct of principal imputed to company); *J.C. Penney Cas. Ins. Co. v. M.K.*, 52 Cal. 3d 1009 (1991) (adopting the "inherently harmful" standard and rejecting prior *Clemmer* decision's requirement of intent to harm).

If some portion of Ms. Huang's alleged scheme were notionally less than willful (and we do not see any such less than willful conduct alleged in [or even implied by the express pleadings themselves]), such conduct would nevertheless be precluded from coverage by Section 533 as explained in the *Mintarsih* decision cited above because it was inextricably intertwined with the alleged willful scheme.

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

California courts also hold that directly-assessed punitive damages are uninsurable pursuant to section 533. *See*, *e.g.*, *PPG Industries, Inc. v. Transamerica Ins. Co.*, 975 P.2d 652 (Cal. 1999); *Peterson v. Superior Court*, 642 P.2d 1305 (Cal. 1982); *Stonewall Surplus Lines Ins. Co. v. Johnson Controls, Inc.*, 17 Cal. Rptr. 2d 713 (Cal. Ct. App. 1993); *City Products Corp. v. Globe Indem. Co.*, 151 Cal. Rptr. 494 (Cal. Ct. App. 1979).

**2. California Law Precludes Coverage for Contractual Debts.**

Moreover, coverage for monies owed pursuant to a contract is also precluded by California case law holding that claims for breach of contractual obligations to pay money do not seek "Loss" caused by a "Wrongful Act" as covered under error and omissions liability insurance policies. *See*, *e.g.*, *August Entertainment Inc. v. Philadelphia Indemnity Ins. Co.*, 146 Cal. App. 4th 565, 573-574 (2007) (failure to pay monies owed pursuant to a contract is not a covered Wrongful Act); *citing*, *Vandenberg v. Superior Court*, 21 Cal. 4th 815, 840 (1999); and, *Pacific Ins. Co., Ltd. v. Eaton Vance Management*, 369 F. 3d 584, 590 (1st Cir. 2004); *accord*, *Baylor Heating & Air v. Federated Mut.*, 987 F. 2d 415, 419-420 (7th Cir. 1993) (same); *American Casualty v. Union Welfare Fund*, 113 Nev. 764, 942 P. 2d 172, 175-176 (1997) (same).

**3. California Law Precludes Coverage for Restitution/Disgorgement.**

The *Acrisure* Action also seeks restitution/disgorgement of amounts the Insured is not legally permitted to retain, a form of recovery which (no matter how labelled) is uninsurable pursuant to longstanding California law. *See*, *e.g.*, *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 10 Cal. Rptr. 2d 538, 833 P. 2d 545, 553 (1992); *Pan Pacific Retail Properties, Inc. v. Gulf Ins. Co.*, 471 F. 3d 961, 966–69 (9th Cir. 2006); *Unified W. Grocers v. Twin City Fire Ins. Co.*, 457 F. 3d 1106, 1115 (9th Cir. 2006) ("The label of 'restitution' or 'damages' does not dictate whether a loss is insurable"), *citing*, *Level 3 Commc'ns., Inc. v. Fed. Ins. Co.*, 272 F. 3d 908, 911 (7th Cir. 2001)

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

(holding disgorgement uninsurable even where labeled as "damages").[8]

**F. Given the Lack of Coverage, Plaintiffs Have No Breach-of-Contract Claim.**

In addition, since the settlement of the Underlying Action is not covered, the Excess Policy will never be triggered, as the total amount of defense fees and costs incurred by Plaintiffs in defense of the Underlying Litigation, even assuming arguendo that they were covered (which Endurance does not concede), would not exhaust the underlying insurance so as to trigger any excess coverage under the Excess Policy. Accordingly, Plaintiffs cannot maintain any breach-of-contract action against Endurance as benefits due under the relevant insurance policy is an indispensable element of such a claim on which Plaintiffs bear but cannot satisfy the burden of proof.

To prove a breach-of-contract claim, plaintiff must demonstrate: (1) the existence of a contract between plaintiff and defendant, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach (specifically, in the context of an insurance coverage disputed, nonpayment of benefits due under the relevant insurance policy), and, (4) damages to plaintiff therefrom. *Acoustics, Inc. v. Trepte Construction Co*, 14 Cal. App. 3d 887, 913 (1971). Additionally, if the defendant's duty to perform under the contract is conditioned on the happening of some event, the plaintiff must prove that the event transpired. *Consolidated World Investments, Inc. v. Lido Preferred Ltd.*, 9 Cal. App. 4th 373, 380 (1992).

Since Plaintiffs cannot possibly demonstrate the nonpayment of any benefits due under the Excess Policy, they cannot possibly prove a breach-of-contract claim, and Endurance is entitled to summary judgment in its favor on Plaintiffs' causes of action for breach of contract.

**G. Given the Absence of Coverage, Plaintiffs Have No Bad Faith Claim.**

---

[8] These public policy doctrines are also incorporated into some of the express exclusions in the Policy; however, any adjudication requirements contained in such exclusions are not applicable to a disclaimer of coverage based upon public policy or statute.

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071

Likewise, for the same reason, Plaintiffs cannot prove any "bad faith" causes of action against Endurance, given the absence of any benefits due under the Excess Policy.

It is well settled in California that "there can be no breach of the implied covenant of good faith and fair dealing if no benefits are due under the policy[.]" *Brehm v. 21st Century Ins. Co.*, 166 Cal. App. 4th 1225, 1235 (2008) (citation and internal quotation marks omitted); *see also Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 35-37 (1995). Simply put, where there is no coverage under the Policy, there can be no "bad faith." *Brehm v. 21st Century Ins. Co.*, 166 Cal. App. 4th, at 1235.

Since Endurance has no obligation under the Policy to pay any benefits to Plaintiffs, Endurance is also entitled to summary judgment in its favor on Plaintiff's causes of action for breach of the implied covenant of good faith and fair dealing.

Alternatively, if there were some potential for coverage, there can be no "bad faith" because there was, at the very most, a genuine dispute as to coverage. In order to establish "bad faith" liability, "it must be shown that the insurer acted unreasonably or without proper cause." *Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*, 90 Cal. App. 4th 335, 347 (2001).

Consistently with this principle, the "genuine dispute" doctrine precludes a finding of bad faith liability against an insurer that reasonably, even if erroneously, interprets the policy at issue:

> It is now settled law in California that an insurer denying or delaying payment of policy benefits due to the existence of a genuine dispute as to the existence of coverage liability or the amount of the insured's coverage claim is not liable in bad faith even though it might be liable in breach of contract.

*Chateau Chamberay*, 90 Cal. App. 4th, at 346; *see also*, *Fraley v. Allstate Ins. Co.*, 81 Cal. App. 4th 1282, 1292 (2001), *Dalyrymple v. United Servs. Auto. Ass'n*, 40 Cal. App. 4th 497, 519-520 (1995); *Guebara v. Allstate Ins. Co.*, 237 F. 3d 987, 993 (9th Cir.

2001) ("The Ninth Circuit has affirmed dismissal of bad faith claims in numerous cases . . . because of genuine issues about liability under California law.").

Therefore, in the event that this Court were to find some potential for coverage, Endurance moves in the alternative for summary adjudication in its favor on the "bad faith" claims as there was a reasonable dispute as to the availability of coverage.

## IV. CONCLUSION

For the foregoing reasons, Endurance respectfully requests that this Court deny Plaintiff's Motion for Partial Summary Judgment, grant Endurance's Cross-Motion for Summary Judgment, and rule, as a matter of law, that: (1) the Policy does not provide any coverage for the *Acrisure* Action; (2) Plaintiff therefore has no claim against Endurance for breach of contract or "bad faith"; and, (3) Judgment should be entered against H&H and in favor of Endurance, dismissing this case, in its entirety, with prejudice.[9]

Dated: July 7, 2021

Respectfully submitted,

LOCKE LORD LLP

By: ______________________________

Michael F. Perlis
Richard Johnson
*Attorneys for Defendant Endurance American Specialty Insurance Company*

[9] In the alternative, if the Court finds any coverage to be available, Endurance moves for summary adjudication in its favor on the "bad faith" claims because there was at the very least a genuine and reasonable dispute as to the availability of coverage for the settlement.

Locke Lord LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071